## JOHN D. H. LUCE

### *v.*

## MULLENHOFF & KORBER ET AL.

---

San Juan, Equity, No. 377.

A consent decree will not, on motion of one party, be set aside, over the objection of the other, if the same appears to be reasonable and a proper settlement of the litigated matters.

Opinion filed June 1, 1907.

---

*F. H. Dexter, Esq.,* attorney for plaintiff.

*Cay. Coll y Cuchi, Esq.,* and *Herminio Diaz, Esq.,* attorneys for defendants.

RODEY, Judge, delivered the following opinion:

This cause, or rather the subject-matter involved in it in different suits, has been several times before the court for dif-

Luce v. Mullenhoff & Korber.

ferent orders and motions, and this particular one has been coupled with the cases of other plaintiffs to the same effect. In the latter part of the year 1906, after much pleading and issue joined thereon, the court sent the case out to a master for proofs. Pending the taking of the proofs, the parties complainant and respondent, as well as all parties to other suits involving the same property, arrived at an understanding, and finally the counsel on both sides of this case in this particular branch of the litigation presented a rather elaborate consent decree and procured the signature of the court to it on December 1, 1906, which will be found in the files.

Thereafter, on March 6, 1907, owing to some little dispute over costs, counsel for complainant filed a motion to vacate the decree and permit the case to continue on the issue first made in the premises. Counsel for respondents filed a couple of affidavits in opposition to this motion. The court has examined the question, and believes that the settlement made between all the parties was a good one, considering the involved situation, and does not consider the reasons given by counsel for complainant in this particular branch of the litigation for setting aside the consent decree as sufficient, and particularly so as the other side objects to it. In any event, the setting aside of this decree at this time might dislocate the settlement as to other parties who desire to adhere to the same, and who have proceeded or are proceeding with sales under their respective decrees. Courts of justice cannot be made the victims of the whims of counsel in this way, and therefore the motion to vacate the decree will be denied, and it is so ordered.